IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:24-cr-141 |
| SIEMENS ENERGY, INC., | |
| Defendant. | |

## PLEA AGREEMENT

Jessica D. Aber, United States Attorney for the Eastern District of Virginia; undersigned counsel for the United States; the defendant[1], SIEMENS ENERGY, INC.; and the defendant's counsel have entered into an agreement (hereafter "Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms of this Plea Agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to waive indictment and plead guilty to a single count Criminal Information, charging the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. The maximum penalties for this offense are: a fine of the greater of $500,000 or twice the gross gain or loss, full restitution, a special assessment pursuant to 18 U.S.C § 3013, and five years of probation.

### 2.    Corporate Authorization

The defendant agrees that this Agreement will be executed by authorized corporate representatives of SIEMENS ENERGY, INC. The defendant further agrees that the Certificate of

---

[1] SIEMENS ENERGY, INC., defendant herein, is the U.S.-based subsidiary of Siemens Energy AG, a Germany-based global manufacturing conglomerate. The United States and the defendant are collectively referred to as the "parties."

Corporate Resolutions attached as Attachment A was duly adopted by the Board of Directors of SIEMENS ENERGY, INC. and represents that the signatures on this Agreement by SIEMENS ENERGY, INC. and their counsel are authorized by the Board of Directors of SIEMENS ENERGY, INC.

The defendant agrees that it has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.

The defendant further agrees that in the event it sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, whether such sale(s) is/are structured as a stock or asset sale, merger, or transfer, the defendant shall include in any contract for sale, merger or transfer, a provision fully binding the purchaser(s) or any successor(s)-in-interest thereto to the obligations described in this Agreement.

The defendant agrees to abide by all terms and obligations of this Agreement as described herein, including the following:

        a.     to plead guilty as set forth in this Agreement;

        b.     to abide by all sentencing stipulations contained in this Agreement;

        c.     to appear, through its duly appointed representatives, as ordered for all court appearances;

        d.     to commit no further crimes;

        e.     to be truthful at all times; and

        f.     to pay the applicable criminal fine and special assessment by the dates specified in this Agreement.

**3.    Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant agrees and stipulates that it is responsible for the acts of its officers and employees described in the Statement of Facts (Attachment B) filed with the Agreement, and

that the Statement of Facts accurately reflects its criminal conduct. The defendant admits the

facts set forth in the Statement of Facts and agrees that those facts establish guilt of the offense

charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into

this Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the

Sentencing Guidelines.

### 4.    Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance.

The defendant understands that by entering into this Agreement, defendant surrenders certain

rights as provided in this agreement.  The defendant understands that the rights of criminal

defendants include the following:

> a.    the right to plead not guilty and to persist in that plea;
>
> b.    the right to a jury trial;
>
> c.    the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and
>
> d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 5.    Applicable United States Sentencing Guidelines Provisions

The defendant agrees that, pursuant to Title 18, United States Code, Section 3571(d), this

Court is authorized to impose a fine of $104,000,000 in this case, and the defendant knowingly,

intelligently, and voluntarily waives any constitutional or statutory objection to the imposition of

such a fine. The parties agree that pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the

Court must determine an advisory sentencing Guideline Range under the United States

Sentencing Guidelines. The Court will then determine a reasonable sentence within the statutory

range after considering the advisory sentencing guideline range and the factors listed in Title 18,

3

United States Code, Section 3553(a). The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy any applicable burden of proof.

The parties stipulate that the 2023 United States Sentencing Guidelines apply to this matter and to the factual predicates set forth below. The parties stipulate that the following Sentencing Guidelines apply to Count One of the Criminal Information:

The parties stipulate that pursuant to U.S.S.G. § 8C2.4(a)(3), a base fine level of $65 million is applicable. This base fine computation is based on the applicability of the following Sentencing Guidelines enhancements.

| Guideline(s) | Description | Offense Level |
|---|---|---|
| § 2B1.1(a)(1) | Base offense level (Conspiracy to Commit Wire Fraud) | 7 |
| § 2B1.1(b)(10) | Sophisticated Means | +2 |
| § 2B1.1(b)(14)(A) | The defendant knew or intended that the trade secret would be transmitted out of the United States | +2 |
| § 2B1.1(b)(1)(M) | Intended loss amount between $65 million and $150 million | +24 |

The parties stipulate that: (1) the defendant's base culpability score is 5 pursuant to U.S.S.G. § 8C2.5(a); (2) the culpability score is enhanced by five points pursuant to U.S.S.G. § 8C2.5(b)(1)(A)(i) because the unit had 5,000 or more employees and an individual within high-level personnel participated in, condoned, or was willfully ignorant of the offense; and (3) the defendant's culpability score is reduced by two points pursuant to U.S.S.G. § 8C2.5(g)(2) due to the defendant fully cooperating in the investigation and clearly demonstrating recognition and affirmative acceptance of responsibility for its criminal conduct. Accordingly, the parties stipulate that pursuant to U.S.S.G. § 8C2.6, the resulting fine multiplier is 1.6x to 3.2x of the base fine, resulting in a penalty fine range of $104 million to $208 million.

4

The United States and the defendant have not agreed on any further issues related to the applicability of Sentencing Guidelines provisions other than those set forth above or elsewhere in this Agreement.

**6.    Agreed Sentence Pursuant to Rule 11(c)(1)(C)**

Criminal Fine. Assuming the defendant accepts responsibility as outlined in this Agreement, the parties will agree to the imposition of a fine in the amount of $104,000,000 payable to the Clerk of Court for the United States District Court for the Eastern District of Virginia. Should the defendant elect to make payments by wire transfer, such wire transfer shall list as the beneficiary the U.S. District Courts - Eastern District of Virginia, or such other entity as specified in wire transfer instructions from the Clerk. The defendant acknowledges that no tax deduction may be sought in connection with the payment of any part of this $104,000,000 fine. The parties agree that the fine amount shall be paid according to the following schedule:

> a.    The defendant shall make a payment of $26,000,000 within ten business days of the time of sentencing;
>
> b.    The defendant shall make an additional payment of $52,000,000 by ~~April~~ October 30, 2025; and
>
> c.    The defendant shall make an additional payment of $26,000,000 by April 30, 2026.

The parties agree not to seek any adjustments to, or departures from, the agreed upon criminal fine payment of $104,000,000, nor to the schedules for the payment for the criminal fine as set forth in this Agreement.

Mandatory Special Assessment:

Within ten business days of the time of sentencing, the defendant agrees to pay a mandatory special assessment of $400 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(B).

<u>Compliance and Training Program:</u>  The United States acknowledges that, in response to the conduct at issue in this case, the defendant has implemented updates to its compliance and training program that are specifically designed to prevent a recurrence of trade secrets theft, misappropriation of competitor confidential information, anti-trust violations, and/or other unlawful acquisition of intellectual property by the defendant and its officers and employees.

<u>Organizational Probation</u>. The parties agree that a three-year term of organizational probation is appropriate in this case and shall include, as conditions of probation, compliance with the schedule of payments for the criminal fine and the special assessment as set forth herein. The United States agrees not to seek the imposition of an independent monitor as a condition of organizational probation.

* * *

Because this Agreement is made under Rule 11(c)(l)(C) of the Federal Rules of Criminal Procedure, the defendant understands that, if the Court accepts this Agreement, the Court will be bound by its terms. If, however, the Court rejects this Agreement and does not agree to impose the specific sentence as agreed to by the parties herein, neither the United States nor the defendant shall be obligated to proceed under the terms of this Agreement, each shall be restored to their full rights, claims and defenses without prejudice and neither shall be bound by any statement contained in the Statement of Facts. For avoidance of doubt, in that circumstance, none of the waiver provisions of this Agreement shall operate against the defendant.

The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in this Agreement. If the Court does not accept the recommended sentence, the parties agree that this Agreement shall be rendered void. If the Court does not accept the recommended sentence, the parties agree that the defendant

shall be free to withdraw its guilty plea pursuant to Fed. R. Crim. P. 11(c)(5) and (d). If the

defendant withdraws its pleas of guilty because the Court does not accept the recommended

sentence, the parties agree that this Agreement, the Statement of Facts, the guilty plea, and any

statement made in the course of plea discussions with an attorney for the United States shall not

be admissible against the defendant in any criminal or civil proceeding, except as otherwise

provided in Fed. R. Evid. 410.

> 7.    **Waiver of Presentence Investigation and Consolidation of Plea and**
>        **Sentencing**

The parties agree, subject to the Court's approval, to waive the requirement for a

presentence report, pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A), based on the

Court's finding that the record contains information sufficient to enable the Court to

meaningfully exercise its sentencing power. However, the parties agree that in the event the

Court orders the preparation of a presentence report prior to sentencing, such order will not affect

the Agreement set forth herein. Additionally, if the Court directs the preparation of a presentence

report, the United States will fully inform the preparer of the report and the Court of the facts and

law related to the defendant's case.

The parties further agree to request that the Court combine the entry of the plea and

sentencing into one proceeding. However, the parties agree that in the event the Court orders that

the entry of the guilty plea and the sentencing hearing occur during separate proceedings, such an

order will not affect the Agreement set forth herein.

> 8.    **Restitution**

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1),

and the defendant agrees to the entry of a Restitution Order for the full amount of the victims'

losses as determined by the Court. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant further agrees that an offense listed in Section 3663A(c)(1) gave rise to this Agreement and, as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution.

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant. The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. § 3572, 18 U.S.C. § 3613, and 18 U.S.C. § 3664(m).

9.    **Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Agreement. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a. The defendant reserves the right to appeal my restitution order.

8

10.    **Immunity from Further Prosecution in This District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Information or Statement of Facts. This Plea Agreement and Statement of Facts does not confer on the defendant any immunity from prosecution by any state government in the United States.

The defendant understands and agrees that this Agreement is between the United States Attorney's Office for the Eastern District of Virginia ("United States") and the defendant, and that this Agreement does not bind any other division or section of the Department of Justice or any other federal, state, or local prosecuting, administrative, or regulatory authority. Nevertheless, the United States will bring this Agreement and cooperation of the defendant to the attention of other prosecuting authorities or other agencies, if requested.

11.    **Breach of the Plea Agreement and Remedies**

This Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this Agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this Agreement, then:

a.    The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the

9

statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

c.      Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

d.      The defendant expressly acknowledges and incorporates by reference the Statute of Limitations Tolling Agreement dated April 19, 2024 and the First Extension to the Statue of Limitations Tolling Agreement dated June 28, 2024, that have previously been entered into between the defendant and the United States; and

e.      The defendant waives any and all objections to service of process and attachment of personal jurisdiction, and agrees to appear as ordered by this Court in any criminal, civil, or administrative action arising from a breach of this Agreement, including any proceeding to determine whether this Agreement has been breached or whether the defendant has violated any term of the organizational probation imposed by the Court.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Agreement by a preponderance of the evidence.

In the event that the defendant fails to appear as ordered by this Court in any criminal, civil, or administrative action arising from the breach of this Agreement, including any proceeding to determine whether this Agreement has been breached or whether the defendant has violated any term of the organizational probation imposed by the Court, the defendant agrees to waive its right to contest any judgment or sanction entered against it as a result of its non-appearance.

10

### 12.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any modification of this Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

### 13.    Press and Public Statements

The defendant expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents, or any other person authorized to speak for the defendant make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts described in the Statement of Facts. Any such contradictory statement shall, subject to cure rights of the defendant described below, constitute a breach of this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Statement of Facts will be imputed to the defendant for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts in whole or in part a statement contained in the attached Statement of Facts, the United States shall so notify the defendant, and the defendant may avoid a breach of this Agreement by publicly repudiating such statement(s) within five business days after notification. The defendant shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Facts provided that such defenses

11

and claims do not contradict, in whole or in part, a statement contained in the attached Statement of Facts. This section does not apply to any statement made by any present or former officer, director, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the defendant.

The defendant agrees that if it, or any of its direct or indirect subsidiaries or affiliates issues a press release or holds any press conference in connection with this Agreement, the defendant shall first consult with the United States to determine (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the United States and the Company; and (b) whether the United States has any objection to the release.

The United States agrees, if requested to do so, to bring to the attention of law enforcement and regulatory authorities, as well as debarment authorities, the facts and circumstances relating to the nature of the conduct underlying this Agreement, including the nature and quality of the defendant's cooperation and remediation. By agreeing to provide this information to such authorities, the United States is not agreeing to advocate on behalf of the Company, but rather is agreeing to provide facts to be evaluated independently by such authorities.

14.    **Relevant Considerations**

The United States entered into this Agreement based on the individual facts and circumstances presented by this case and the defendant, including:

a.    the nature and seriousness of the offense conduct, as described in the Statement of Facts, including a scheme to garner an unfair competitive advantage in a closed bid for an energy infrastructure project in the Eastern District of Virginia – all by repeatedly misappropriating the

12

valuable confidential information of competitors to the bid – resulting in over $65 million but less than $150 million in intended losses to victims.

b.      the defendant did not receive voluntary disclosure credit pursuant to the E.D. Va. Voluntary Self-Disclosure policy, the Criminal Division's Corporate Enforcement and Voluntary Self-Disclosure Policy, or pursuant to U.S.S.G. § 8C2.5(g)(1), because it did not voluntarily and timely disclose to the United States the conduct described in the Statement of Facts. However, the defendant did receive credit for the fact that its own compliance program first uncovered the wrongdoing, and the defendant subsequently disclosed the wrongdoing to the victim companies;

c.      the defendant received credit for its cooperation with the United States' investigation pursuant to U.S.S.G. § 8C2.5(g)(2) because it cooperated with their investigation and demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct;

d.      the defendant provided to United States all relevant, non-privileged facts known to it, including information about the individuals involved in the conduct described in the attached Statement of Facts;

e.      the defendant has undertaken remedial efforts, including the development and implementation of additional compliance and training programs and policies since the time of the misconduct and the termination of all individuals charged by the United States in relation to this matter prior to the entry of this Agreement;

f.      the defendant engaged of an independent compliance assessment firm to evaluate the compliance and internal control policies of the defendant, and the firm found that at present, the defendant's compliance and internal controls reduce risk of recurrence of misconduct;

g.    the defendant has no prior criminal or civil resolutions with authorities in the United States and elsewhere. However, the corporate parent to the defendant at the time of the misconduct (Siemens AG) entered a guilty plea, a resolution with the Securities and Exchange Commission, and resolutions with foreign authorities based on violations of the Foreign Corrupt Practices Act in multiple countries. In 2013, an affiliate of the defendant (Siemens Electrical LLC) also entered into a deferred prosecution agreement with the New York County District Attorney's Office based on misrepresentations made in bids for $234 million in contracts with New York City; Siemens Electrical LLC overstated the participation of minority businesses. In 2015, an affiliate of the defendant (Siemens Medical Solutions USA, Inc.) entered into a civil settlement with the federal government based on violations of the False Claims Act for misrepresentations to the Defense Supply Center related to the sale of medical imaging equipment; and

h.    accordingly, after considering (a) through (g) above, the parties have determined that the appropriate resolution in this case is a plea to Count One of the Criminal Information, a three-year term of organizational probation, the imposition of a $104,000,000 criminal penalty, and the payment of the mandatory special assessment.

**15.    Required Disclosures and Certification**

During the term of organizational probation, should the defendant learn of any evidence or allegation of conduct (committed or alleged to have been committed by the defendant or by its employees, agents, directors, and affiliates) that may constitute a violation of federal law (including, but not limited to, evidence or allegations of any violation of laws against trade secrets theft, misappropriation of competitor confidential information, anti-trust violations, and/or unlawful acquisition of intellectual property), the defendant shall promptly report such

14

evidence or allegation to the United States in a manner and form consistent with local law. Thirty (30) days prior to the end of the term of organizational probation, the defendant, by the Chief Executive Officer of the defendant and the Chief Compliance Officer of defendant, or an executive officer substantively responsible for the defendant's operations, will certify to the United States, in the form of executing the document attached as Attachment C to this Agreement, that the defendant has met its disclosure obligations pursuant to this Paragraph. Each certification will be deemed a material statement and representation by the defendant to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519, and it will be deemed to have been made in the judicial district in which this Agreement is filed.

**SEEN AND AGREED:**

**SIEMENS ENERGY, INC.:**

Date: _Sept 30/24_                    By: _____

Rich Voorberg
President and Chief Executive Officer
Siemens Energy, Inc.

Date: _9/30/24_                    By: _____

Denise Hansen
General Counsel
Siemens Energy, Inc.

Date: _9/30/24_                    By: _____

Bob Allen
W. Neil Eggleston
Alexandra I. Russell
Kirkland & Ellis, LLP

F. Joseph Warin
Gibson, Dunn & Crutcher LLP
Counsel to Siemens Energy, Inc.

**FOR THE DEPARTMENT OF JUSTICE:**

JESSICA D. ABER
United States Attorney
Eastern District of Virginia

Date: _9/30/2024_                    By: _____

Avi Panth
Kenneth R. Simon, Jr.
Brian J. Samuels
Assistant United States Attorneys

16

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your Special Assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIM. ACTION NO.: | 3:24-cr-141 |
| DEFENDANT'S NAME: | SIEMENS ENERGY, INC. |
| PAY THIS AMOUNT: | $400.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**

   CLERK, U.S. DISTRICT COURT

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE.**

3. **PAYMENT SHOULD BE SENT TO:**

|  | In-Person (9 AM to 4 PM) | By Mail: |
| --- | --- | --- |
| **Alexandria Cases:** | **Clerk, U.S. District Court 401 Courthouse Square Alexandria, VA 22314** | |
| **Richmond Cases:** | **Clerk, U.S. District Court 701 East Broad Street, Suite 3000 Richmond, VA 23219** | |
| **Newport News Cases:** | **Clerk, U.S. District Court 2400 West Ave., Suite 100 Newport News, VA 23607** | |
| **Norfolk Cases:** | **Clerk, U.S. District Court 600 Granby Street Norfolk, VA 23510** | |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER.**
5. **ENCLOSE THIS COUPON TO ENSURE PROPER AND PROMPT APPLICATION OF PAYMENT.**

17

## OFFICER'S CERTIFICATE: SIEMENS ENERGY, INC.

I have read this Agreement and carefully reviewed every part of it with counsel for SIEMENS ENERGY, INC. ("SEI"). I understand the terms of this Agreement and voluntarily agree, on behalf of SEI to each of its terms. Before signing this Agreement on behalf of SEI, I consulted with counsel for SEI. Counsel fully advised me of SEI's rights, possible defenses, the sentencing guidelines provisions, and the consequences of entering into this Agreement. I have carefully reviewed this Agreement with the Board of Directors of SEI. I have advised, and caused outside counsel for SEI to advise, the Board fully of SEI's rights, possible defenses, the sentencing guidelines provisions, and the consequences of entering into this Agreement.

No promises or inducements have been made other than those contained in this Agreement. Furthermore, no one has threatened or forced me to enter into this Agreement. I am also satisfied with counsel's representation in this matter.

I certify that I am an officer of SEI and that I have been duly authorized by SEI to execute this Agreement on its behalf.

Date: 1/30/24

SIEMENS ENERGY, INC.

By: _____
Rich Voorberg
President and Chief Executive Officer
SIEMENS ENERGY, INC.

18

## CERTIFICATE OF COUNSEL

We are counsel for SIEMENS ENERGY, INC. ("SEI") in the matter covered by this Agreement. In connection with such representation, we have examined relevant SEI documents and have discussed this Agreement with the Board of Directors of SEI. Further, we have carefully reviewed every part of this Agreement with the Board of Directors and General Counsel of SEI. We have fully advised them of SEI's rights, possible defenses, the sentencing guidelines provisions, and the consequences of entering into this Agreement.

The Board of Directors for SEI were duly convened on __9 / 19 / 24__ and by the resolutions of such Board of Directors, SEI's representatives have been duly authorized to enter into this Agreement on behalf of SEI. This Agreement has been duly and validly authorized, executed, and delivered on behalf of SEI and is a valid and binding obligation of SEI. To our knowledge, SEI's decision to enter into this Agreement is an informed and voluntary one.

Date: __9/30/24__                    By: _____

Bob Allen
W. Neil Eggleston
Alexandra I. Russell
Kirkland & Ellis, LLP

F. Joseph Warin
Gibson, Dunn & Crutcher LLP
Counsel to Siemens Energy, Inc.

19